No. 24-2883

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

HOLOGENIX, LLC
*Appellant*

v.

MULTIPLE ENERGY TECHNOLOGIES, LLC
*Appellee*

On appeal from the U.S. District
Court for the Central District of California
*Multiple Energy Technologies, LLC v. Hologenix, LLC*
Case No. 2:22-cv-07510-FMO

reversing the U.S. Bankruptcy Court, Central District of California
*In re Hologenix, LLC*
Bankr. Case No. 2:20-bk-13849-BR

**APPELLEE'S REPLY IN FURTHER SUPPORT OF MOTION FOR
EXTENSION OF TIME TO FILE RESPONSIVE BRIEF**

Roye Zur, Esq.
Elkins Kalt Weintraub Reuben Gartside LLP
10345 W. Olympic Boulevard
Los Angeles, CA 90065
310-746-4495
rzur@elkinskalt.com

# DISCLOSURE STATEMENT

# F.R.A.P. 26.1

FRAP 26.1(a): Appellee Multiple Energy Technologies, LLC ("**MET**"), is a Delaware limited liability company. MET has no parent corporation or publicly held corporation that owns 10% or more of its stock.

FRAP 26.1(c): There is no debtor not named in the caption of this appeal.

Dated: September 9, 2025    ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: */s/ Roye Zur*
    Roye Zur, Esq.
    Attorneys for Appellee
    Multiple Energy Technologies, LLC

Appellee Multiple Energy Technologies, LLC ("**MET**"), respectfully submits this reply in further support of its motion to extend the time for MET to file its responsive brief from September 12, 2025, to November 11, 2025. MET submits this reply in order to clarify certain misstatements made by Appellant Hologenix, LLC ("**Hologenix**") in its response to MET's motion about the parties' settlement negotiations.

Contrary to Hologenix's misrepresentations about a lack of any settlement discussions or overtures, MET has made significant efforts to resolve the global dispute between MET, Hologenix and its owner/CEO, Mr. Casden. MET and Mr. Casden engaged in a settlement conference in September 2024 with the Magistrate Judge in the *MET v. Casden* ("Casden") case wherein they discussed for an entire day a global settlement of not only *Casden* but also the Hologenix and Casden bankruptcies (including these appeals). In fact, at the end of that mediation, the parties had reached a settlement in principle that was then rescinded the next day by Mr. Casden on behalf of himself and Hologenix. *See MET v. Casden*, No. 2:21-cv-01149-ODW-RAO, Doc. No. 252. Since then, MET's counsel has attempted to reinitiate settlement discussions with both Casden's prior and current bankruptcy counsel as well as Hologenix's bankruptcy counsel on multiple occasions. Declaration of Nicole A. Sullivan ("Sullivan Decl.") at ¶ 5. Hologenix and MET also discussed possible settlement through the Ninth Circuit's mediation program earlier

in 2024. *See* Dkt. 4, 6, 7, 13-15. More recently, MET and Casden engaged in settlement discussions through the Ninth Circuit's mediation program (Case Nos. 24-4691 and 25-4004) and those discussions are still ongoing with another teleconference scheduled for September 11. *See* Case No. 25-4004, Dkt. 11, 18-20. In fact, Mr. Casden's appellate counsel made a settlement offer wherein she referred to it as a "global resolution of the dispute." Sullivan Decl. at ¶ 8.

Despite this clear history – of which Hologenix is fully aware – Hologenix disingenuously argues here that an extension beyond October 10, 2025 is not warranted and with undeniable gall proffers that MET's approach on settlement has been "silence for years."[1] Dkt. 34.1 at 5. In its typical self-serving manner, Hologenix proffers that there is no meaningful prospect for settlement, (Dkt. 34.1 at 4), which is perplexing given that settlement discussions remain ongoing through the Ninth Circuit Mediation Program. *See* Sullivan Decl. at ¶¶ 5-8. Such a statement is even more concerning because, at all times, MET viewed the prospect of settlement as attainable and has been acting diligently to reach a resolution before the parties incurred any additional costs. *Id.* at ¶ 9.

While it is disappointing to read that Hologenix does not consider there to be any "meaningful settlement in prospect," MET believes this is nothing more than

---

[1] Notably absent from the submission is a declaration from Mr. Casden on behalf of Hologenix to verify the information contained here. This is not surprising because Mr. Casden knows it is contrary to reality.

posturing by Hologenix and Mr. Casden to put pressure on MET to significantly reduce its settlement demand. Dkt. 34.1 at 4; Sullivan Decl. at ¶ 10. Otherwise, Mr. Casden has been doing nothing but wasting not only MET's time and efforts but that of the Ninth Circuit mediator by substantively engaging in a global negotiation when neither Hologenix nor Mr. Casden had any intention of resolving the cases. Given the most recent discussion with the Ninth Circuit mediator on September 8, 2025, wherein counsel agreed to discuss next steps with their clients including the possibility of an in-person or zoom mediation, MET remains optimistic that a resolution can be reached. Sullivan Decl. at ¶ 11. As such, its request for an additional 60 days is entirely reasonable. Moreover, MET does not object to an extension of Hologenix's reply period to avoid the holiday period and for further potential settlement discussions from December 1, 2025 to January 15, 2026.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the foregoing reasons, MET respectfully requests that the Court extend the deadline for MET to file its answering brief, from September 12, 2025, to November 11, 2025 and the time for Hologenix's reply brief, if any, from December 1, 2025 to January 15, 2026.

Dated: September 9, 2025                 ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

                                                     By: /s/ Roye Zur
                                                                Roye Zur, Esq.
                                                                 Attorneys for Appellee
                                                                Multiple Energy Technologies, LLC

## **DECLARATION OF NICOLE A. SULLIVAN**

I, Nicole A. Sullivan, declare and state as follows:

1. I am an attorney duly licensed to practice *pro hac vice* before this Court. I am a partner at the law firm of White and Williams LLP, attorneys for appellee Multiple Energy Technologies, LLC ("**MET**").

2. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

3. The parties engaged in a settlement conference in September 2024 with the Magistrate Judge in the *MET v. Casden* case wherein they discussed for an entire day a global settlement of not only *Casden* but the Hologenix and Casden bankruptcies.

4. In fact, at the end of that mediation, the parties had reached a settlement in principle that was then rescinded the next day by Mr. Casden on behalf of himself and Hologenix.

5. Since then, MET's counsel has attempted to reinitiate settlement discussions with both Casden's prior and current bankruptcy counsel as well as Hologenix's bankruptcy counsel on multiple occasions.

6. Hologenix and MET further discussed possible settlement through the Ninth Circuit's mediation program earlier in 2024.

7. More recently, MET and Casden engaged in settlement discussions through the Ninth Circuit's mediation program (Case Nos. 24-4691 and 25-4004) and those discussions are still ongoing with another teleconference scheduled for September 11.

8. In fact, Mr. Casden's appellate counsel made a settlement offer wherein she referred to it as a "global resolution of the dispute."

9. Mr. Casden's statement that there is no meaningful prospect for settlement is concerning because, at all times, MET viewed the prospect of settlement as attainable and has been acting diligently to reach a resolution before the parties incur additional costs.

10. MET believes that this statement is nothing more than posturing by Hologenix and Mr. Casden to put pressure on MET to significantly reduce its settlement demand here.

11. Given the most recent discussion with the Ninth Circuit mediator yesterday wherein counsel agreed to discuss next steps with their clients including the possibility of an in-person or zoom mediation, MET remains optimistic that a resolution can be reached.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2025, at New York, New York.

_____
NICOLE A. SULLIVAN

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 9, 2025.

All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Executed on September 9, 2025, at Los Angeles, California.

                                                     /s/ Roye Zur
                                                     ROYE ZUR